IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS T. SWANBERG,

        Plaintiff,

   v.

JORGE TRO, an individual; BRET SMITH, an individual,

        Defendants.

No. 3:14-cv-00882-HZ

OPINION & ORDER

Matthew C. Ellis
Law Office of Matthew C. Ellis
621 SW Morrison St., Ste. 1050
Portland, OR 97205

//
//

OPINION & ORDER - 1

Stephen L. Brischetto
Attorney at Law
621 SW Morrison St., Ste. 1025
Portland, OR 97205

      Attorneys for Plaintiff

Blake H. Fry
Karen M. Vickers
Mersereau & Shannon, LLP
One SW Columbia St., Ste. 1600
Portland, OR 97258

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

      Plaintiff Dennis Swanberg worked as a police officer for the City of Canby, Oregon, for almost thirty years. In 2012, he resigned amidst an internal investigation during which his supervisors alleged he lied about his handling of a citizen encounter. Swanberg claimed the investigation was pretextual and driven by his supervisors' resentment of his past involvement in legal actions alleging gender discrimination and criminal corruption within the Canby Police Department. Swanberg filed this suit alleging that the City of Canby and individual defendants Jorge Tro and Bret Smith (collectively "Defendants") retaliated against him for exercising his constitutional right to free speech and right to petition the government.

      At summary judgment, the Court dismissed Swanberg's claims against the City of Canby because he failed to produce evidence showing that a City policy or custom caused the investigation into his conduct or his subsequent resignation. Swanberg v. Canby, No. 3:14-CV-00882-HZ, 2015 WL 5254373, at *11–14 (D. Or. Sept. 9, 2015) (citing, among others, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978)).

OPINION & ORDER - 2

Swanberg's claims against Defendants Tro and Smith, however, largely survived, and the Court held a jury trial in October of 2015. The jury found that Tro, the principal investigator into Swanberg's conduct, acted with an illegal retaliatory motive and violated Swanberg's constitutional rights. Not so, however, for Defendant Smith, who was Chief of Police at the relevant times; the jury found that he did not retaliate against Swanberg. The jury awarded Swanberg $109,233 in compensatory damages and $12,000 in punitive damages. Jury Verdict, ECF No. 103.

In his complaint, Swanberg requested economic and punitive damages, a declaration that "all Defendants violated [his] constitutional rights[,]" and an order "requiring Defendants to provide [him] with his photo identification card and wallet retirement badge from the Canby Police Department." Complaint at 9. During trial, Swanberg testified about his desire to have the badge and ID card, and that Chief Smith had refused to issue them to him. Interestingly, the jury inquired several times during its deliberations about whether it could award Swanberg the ID card and retirement badge in lieu of awarding punitive damages. Of course, whether Swanberg is entitled to equitable relief such as a declaration of his rights or an injunction ordering the Defendants to take action is a question for the Court, not the jury, to decide. See, e.g., Lutz v. Glendale Union High School, 403 F.3d 1061, 1067 (9th Cir. 2005).

And decide it must. Currently before the Court is Swanberg's motion for declaratory and injunctive relief. He requests that the Court reinstate the City as a defendant and either declare that Swanberg is entitled to a retirement badge and wallet identification card, or order the City or Chief Smith to issue Swanberg the disputed items. For the reasons that follow, that motion is denied.

//

**STANDARDS**

"The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court[.]" eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). Injunctive relief is appropriate when a party demonstrates "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." N. Cheyenne Tribe v. Norton, 503 F.3d 836, 843 (9th Cir. 2007).

**DISCUSSION**

The first issue is whether the Court should reinstate the City of Canby as a defendant. Swanberg argues that reinstatement would be justified because the Court's dismissal of the City at summary judgment was "premature." Pl. Motion at 2. Since Defendants did not specifically seek summary judgment on his claims for injunctive or declaratory relief, Swanberg asserts that the Court's Opinion & Order "adjudicated fewer than all claims asserts against the City" and thus "could not be the basis for a judgment dismissing the City." Pl. Mot. at 2.

In its summary judgment Opinion & Order, the Court analyzed whether the City could be liable for Swanberg's claims. Swanberg, 2015 WL 5254373, at *11–14; see also Defendants' Motion for Summary Judgment, ECF No. 39, at 29 ("Finally . . . [Swanberg's] claims as they pertain to the City of Canby[] should be dismissed" because Swanberg failed to produce evidence of a municipal custom or policy as required by Monell and its progeny). The Court rejected each argument Swanberg advanced in support of his theory of municipal liability and subsequently dismissed the City because Swanberg's claims against it failed as a matter of law. Swanberg, 2015 WL 5254347 at *11–14; Order, ECF No. 96 ("The Court finds that the City of

Canby (an Oregon municipal corporation) was dismissed by the Court's Opinion & Order [50] as of 9/9/2015. The Clerk shall so amend the docket and the case caption shall be amended as follows: <u>Dennis T. Swanberg, Plaintiff v. Bret Smith, an individual, and Jorge Tro, an individual, Defendants</u>.").

The type of relief Swanberg sought against the City is not relevant because he was only entitled to relief, whether legal or equitable, if he had a valid underlying claim. See <u>Guglielmi ex rel. Guglielmi v. Anheuser-Busch Cos., Inc.</u>, No. CV-04-594-ST, 2005 WL 300064, at *5 (D. Or. Feb. 8, 2005) ("It is axiomatic that to obtain *relief,* [a plaintiff] must first have an underlying *claim.*"). Swanberg has not shown a viable claim against the City, and the City is not reinstated as a defendant in this case.

Swanberg asserts that "[a] plaintiff may establish municipal liability for an unconstitutional action when a municipal policy maker approves of a subordinate[']s unconstitutional decision and the basis of the decision." Pl. Mot. at 4 (citing <u>Hyland v. Wonder</u>, 117 F.3d 405, 414 (9th Cir. 1997). He also cites <u>Hyland</u> for the proposition that "[a] decision to deny a governmental benefit post-termination is actionable unlawful retaliation." <u>Id.</u> (citing 117 F.3d at 416). While those may be reasonable rules to draw from the <u>Hyland</u> decision, Swanberg did not raise this theory for the Court to consider at summary judgment and the Court declines now to reconsider its decision on the City's liability under <u>Monell</u>. Second, there is a disconnect in Swanberg's theory. The jury examined the testimony and other evidence in this case, including the fact that Chief Smith had refused to give Swanberg the badge and ID card, and determined that Chief Smith did not illegally retaliate against Swanberg in violation of his constitutional rights. There is no evidence that Defendant Tro, the sole defendant the jury found to have retaliated against Swanberg, was involved at all in deciding whether Swanberg was to

receive his badge or ID card. Thus, it cannot be true that the City or Chief Smith "ratified" Tro's decision to deny Swanberg these items.

Swanberg argues that the Federal Rules of Civil Procedure authorize the Court to enter injunctive or declaratory relief against a nonparty, and pursuant to Rules 65 and 71, the Court should do so here. The Federal Rules "provide for enforcement of judgments against non-parties in limited circumstances." Peterson v. Highland Music, Inc., 140 F.3d 1313, 1323 (9th Cir.1998). Under Rule 65(d), an injunction is "binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Am. Semiconductor, Inc. v. California Assignments LLC, No. 12-CV-06138-LHK, 2013 WL 5937968, at *3 (N.D. Cal. Oct. 30, 2013) (quoting F̲ED̲. R̲. C̲IV̲. P. 65(d)).

But Rule 65(d) merely codifies a court's common law authority to enforce an injunction against certain people who have notice of a court order. Red 1 Investments, Inc. v. Amphion Int'l Ltd., No. CV-06-279-LRS, 2007 WL 3348594, at *2 (E.D. Wash. Nov. 9, 2007) (citing Regal Knitwear Co. v. NLRB, 324 U.S. 9, 14 (1945) ("[Rule 65(d)] is derived from the common-law doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in 'privity' with them, represented by them or subject to their control. In essence it is that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding.")

Rule 65(d) does not empower the Court to enjoin a nonparty; rather, it authorizes the Court to hold certain nonparties in contempt for violating an existing order as a way to ensure that a party cannot carry out a prohibited act through, for example, a subordinate. American Semiconductor, 2013 WL 5937968 at * 3–4 (citing Class Plaintiffs v. City of Seattle, 955 F.2d

1268, 1280 (9th Cir. 1992); Peterson v. Highland Music, Inc., 140 F.3d 1313, 1323 (9th Cir. 1998); LifeScan Scotland, Ltd. v. Shasta Techs., LLC, No. 11-CV-04494-WHO, 2013 WL 4604746, at *5 (N.D. Cal. Aug. 28, 2013) ("an injunction does not enjoin nonparties acting in their separate capacities; but a nonparty may be held in contempt of an injunction after an assessment of the nonparty's behavior and relations to the enjoined party."). Without a valid injunction, in other words, Rules 65 and 71 simply do not come into play.

The City is no longer a party to this case, and thus the Court cannot enter an injunction against it. See LifeScan, 2013 WL 4604746 at *4 ("It is firmly established that 'a court may not enter an injunction against a person who has not been made a party to the case before it.' ") (quoting Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (Fed.Cir. 1996)). The Court cannot issue an injunction ordering Defendant Tro to give Swanberg his badge and ID card because Tro does not have the authority to issue those items. See McDaniel v. Bd. of Educ. of City of Chicago, 956 F. Supp. 2d 887, 893 (N.D. Ill. 2013) ("if a defendant does not have the authority to carry out the injunction, a plaintiff's claims for injunctive relief must be dismissed because the Court cannot enjoin a defendant 'to act in any way that is beyond [the defendant's] authority in the first place.' ") (quoting Okpalobi v. Foster, 244 F.3d 405, 426–27 (5th Cir.2001).

As for Chief Smith, the jury has already determined that he did not violate Swanberg's constitutional rights. The jury knew about Chief Smith's refusal to give Swanberg a retirement badge or ID card, yet they concluded that Chief Smith did not illegally retaliate against Swanberg. An order from the Court requiring Chief Smith to take action is inconsistent with the jury's finding that Chief Smith did not violate Swanberg's constitutional rights.

Importantly, Swanberg seeks a mandatory injunction, that is, an order requiring a responsible party to take a particular action. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009) (citing Meghrig v. KFC W., Inc., 516 U.S. 479, 484 (1996)). A mandatory injunction "goes well beyond simply maintaining the status quo . . . and is particularly disfavored." Id. (quoting Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir. 1980). Generally, "mandatory injunctions are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages." Id. (quoting Anderson, 612 F.2d at 1115).

After the Court instructed the jury that it did not have the power to order any of the Defendants to give Swanberg his badge and ID card, the jury increased its damages awarded to Swanberg by $12,000. That indicates Swanberg's alleged injury here was compensable. Secondly, given the heightened scrutiny of mandatory injunctions, the Court is unwilling to upset the jury's finding that Chief Smith did not violate Swanberg's constitutional rights and order Chief Smith to take action in Swanberg's favor.

Alternatively, Swanberg requests a declaration from the Court that he "has a right to his wallet ID and retirement badge." Pl. Reply at 5. Under the Declaratory Judgment Act, the court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); see also Portland Cable Access v. Fitzpatrick, No. 95-596, 1995 WL 813158, at *1–2 (D. Or. Nov. 6, 1995) (explaining that the "Declaratory Judgment Act makes the granting of declaratory relief discretionary.") (citing Continental Casualty Co. v. Robsac Indus., 947 F.2d 1367, 1369 (9th Cir. 1991)).

The Court declines to exercise its discretion as Swanberg requests. First, Swanberg's complaint only sought a declaration that "all Defendants violated [Swanberg's] constitutional

rights to equal protection, to petition the government for grievances and to free speech." Complaint at 9. There is no need for a declaration to that effect; the jury has already found that Defendant Tro, and Tro alone, illegally retaliated against Swanberg and violated his constitutional rights.

Second, Swanberg does not point to any evidence in the record demonstrating that he is entitled to receive his retirement badge and ID card. It is not clear to the Court what the qualifications are to receive a retirement badge, much less whether Swanberg actually meets those requirements. The fact that Defendant Tro retaliated against Swanberg during the internal investigation into Swanberg's conduct does not necessarily lead to the conclusion that Swanberg has a right to his retirement badge. As stated throughout this Opinion & Order, the jury examined the evidence of Chief Smith's conduct and determined that he did not illegally retaliate against Swanberg; the Court cannot draw from that result that Swanberg is entitled to his retirement badge as a matter of law. In other words, Swanberg has not proven that he is actually entitled to the requested relief.

## ORDER

For the reasons stated, Swanberg's motion for declaratory and injunctive relief [109] is denied. The parties shall confer and submit a proposed judgment consistent with this order within 14 days of the date listed below.

Dated this  31  day of  January , 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge

OPINION & ORDER - 9